GENERAL MOTORS CORPORATION *v.*
DEPARTMENT OF REVENUE.

TAXATION—INTANGIBLES TAX—STANDARD INCOME TAX IN UNITED KINGDOM.

> The standard income tax in the United Kingdom, which is paid by a corporation on the basis of its profits and income, is a tax levied on the corporation and not one on behalf of and for the benefit of its stockholders, hence, is not to be included in the term *gross income* from the stock held by plaintiff corporation in this State, as that term is used in the State intangibles tax act, since it is not yield or income from the stock held (CLS 1961, § 205.131, subd [d]).

Appeal from Wayne; Canham (James N.), J.  Submitted April 7, 1964.  (Calendar No. 8, Docket No. 50,249.)  Decided July 8, 1964.  Rehearing denied September 2, 1964.

Action by General Motors Corporation, a Delaware corporation, against the State of Michigan, Department of Revenue, and Clarence W. Lock, commissioner of revenue, to recover portion of intangibles tax paid under protest.  Judgment for plaintiff.  Defendants appeal.  Affirmed.

*Aloysius F. Power (J. C. Siegesmund, Jr.,* and *Calvert Thomas,* of counsel), for plaintiff.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *T. Carl Holbrook, Maurice Barbour* and *William D. Dexter,* Assistant Attorneys General, for defendants.

REFERENCES FOR POINTS IN HEADNOTE
51 Am Jur, Taxation §§ 420, 861, 864.

DETHMERS, J. The Michigan intangibles tax act, in imposing a tax on income-producing intangible personal property of 3–1/2% of the income therefrom, defines "income" for that purpose to include:

"(d) * * * (2) dividends and other distributions, whether in the form of cash or property, to the extent that they represent the yield of intangible personal property; * * * Provided, That for the purpose of computing the tax imposed under this act, the gross income, including taxes, charges and other deductions which may be made therefrom, shall be the basis upon which the tax shall be measured." (CLS 1961, § 205.131, subd [d] [Stat Ann 1960 Rev § 7.556(1), subd (d)]).

The question in this case is the meaning of that statutory language as applied to the facts at bar.

During the years 1953 through 1955 plaintiff owned all of the common or ordinary and most of the preferred stocks of 2 subsidiary United Kingdom corporations. For each of those years the subsidiaries sent plaintiff letters announcing the declaration of dividends. Typical of these, as to ordinary stock, is the following:

"The company having declared a dividend of 6% on your holding of £5,000,000. Ordinary stock for the year ended 31st December, 1952, the net dividend payable is computed as follows:—

"Gross dividend
| "6% of £5,000,000 | £300,000 |
| "Deduct income tax at 9/-d. in the £ | 135,000 |

| "Net dividend | £165,000" |

Plaintiff says the income contemplated by the Michigan statute, as relates to the dividends announced in the above letter, is the £165,000 figure therein designated as "net dividend". Defendants

say it is the £300,000 labelled as "gross dividend" before payment by the subsidiary of the £135,000 United Kingdom standard income tax. Having paid the Michigan tax for the 3 years on the basis claimed by defendants, this suit is to recover the portions thereof, paid under protest,* which plaintiff contends were excessive to the extent of the difference between a 3–1/2% assessment on the amounts designated in said letter as "gross dividend" and "net dividend" respectively. The trial court held with the contention of plaintiff and entered judgment accordingly. Defendants appeal.

Plaintiff points out that the Michigan statute defines "income" to include "dividends * * * to the extent that they represent the yield of intangible personal property" and says that here the yield from the stock must be considered to be the return or profit actually received by plaintiff as stockholder, namely, the so-called net dividend. At that point, in deference to the Michigan statutory language "That for the purpose of computing the [intangibles] tax * * * gross income" includes "* * * taxes", plaintiff concedes that "yield" or "income" may include, in addition to what is actually received by the stockholder, taxes paid by the subsidiary corporation, but only if they were levied upon and paid for the benefit of the stockholder. We come here to the parting of the ways between the parties. Plaintiff says the United Kingdom standard income tax is levied on the subsidiary corporation according to its profit or income and is not a tax levied on or chargeable to the stockholder. Defendants, on the contrary, contend that the United Kingdom standard income tax is levied upon the stockholder but is withheld at the source and paid, in behalf of and for

---

* See CL 1948, § 205.143 (Stat Ann 1960 Rev § 7.556[13]).—RE-PORTER.

the stockholder, by the subsidiary corporation. This is the crux of the matter.

For the proposition that the United Kingdom standard income tax, as distinguished from the surtax, is a tax levied on the corporation on the basis of its profits or income, and not on the stockholder, plaintiff relies on *Neumann* v. *Commissioners of Inland Revenue* (Eng), [1934] AC 215, *Cull* v. *Commissioners of Inland Revenue* (Eng), [1940] AC 51, and *Biddle* v. *Commissioner of Internal Revenue*, 302 US 573 (58 S Ct 379; 82 L ed 431). We think they support plaintiff's position in that regard. In the *Cull Case* Lord MacMillan wrote (p 64):

"My Lords, it is now well settled that the shareholders of a company are not liable to be directly charged with income tax at the standard rate on the dividends which they receive from the company."

In *Neumann* it was stated that the stockholder's dividend is free from the standard income tax and that the portion of the corporation's profits listed, as in the above letter, as being gross dividends, including the standard tax paid by the corporation, is to be included in the stockholder's return only for the purpose of an assessment to surtax, if any. In *Biddle* it was held that the amount certified as the United Kingdom tax "appropriate" to a dividend (the standard income tax) is not a tax paid by the shareholder. Defendants say that the decision in *Biddle* is inapt here because it turned on the question there whether, under the United States revenue act of 1928, the taxpayer, a stockholder of a United Kingdom corporation, could credit against his United States income tax, as a tax he had paid to a foreign country, the amount of the British standard tax paid by the United Kingdom corporation and deducted by it from the item designated as gross income, and because the holding, accordingly, that

he could not do so was predicated solely on the fact that he, as stockholder, had not actually performed the physical act of paying the United Kingdom tax. Obviously the decision in *Biddle* does not hang together on as tenuous a thread as that. If the United Kingdom standard tax had been held to be a tax on the dividend of the stockholder of the United Kingdom corporation, withheld at the source and paid by the latter in behalf of or for the benefit of its stockholder, he would have been entitled to the credit claimed in the *Biddle Case* as surely as if he had paid it personally and directly. Thus the holding that he was not entitled to the credit amounts to a holding that it was not his tax liability, and that it was not paid by, for the benefit of, or on behalf of him.

We think *Neumann, Cull,* and *Biddle* are authority for plaintiff's theory that the amount of the United Kingdom standard tax was not a part of plaintiff's yield or income from the stock it held in the subsidiaries. We agree with them. It should be so held with respect to the term "income" as defined by the Michigan intangibles tax act.

Judgment for plaintiff affirmed, with costs.

KAVANAGH, C. J., and KELLY, BLACK, SMITH, and O'HARA, JJ., concurred.

SOURIS and ADAMS, JJ., did not sit.